UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | Crim. No. H-21-16 |
| **KENNETH SANDEL,** <br> **Defendant.** | § § § | |

### GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE

TO THE HONORABLE JUDGE OF SAID COURT:

The United States moves the Court to depart downwardly from the Sentencing Guidelines pursuant to §5K1.1 on the grounds that defendant Kenneth Sandel provided substantial assistance in the investigation or prosecution of another person, as explained below.

### Substantial Assistance

Defendant Sandel provided substantial assistance in the prosecution of his former employer co-defendant E.I. DuPont de Nemours and Co. (DuPont). As part of his assistance, Mr. Sandel met with the government for lengthy interviews and was willing to meet additional times as needed. The first interview was in June 2021 which was fairly soon after the return of the indictment (considering COVID-related delays).

The government believes Mr. Sandel answered every question during those interviews to the best of his ability and his answers were consistent. Although Mr. Sandel denied having been consciously aware that operators violated DuPont safety procedures such as the LaPorte line break procedure, he acknowledged that the line break procedure was in fact violated, that he should have known about and prevented the violation and that, in essence, his failure to do so constituted

negligence. Mr. Sandel's willingness to plead guilty to Count Three was, in the government's view, a key factor in convincing DuPont to enter a guilty plea to the same offense because DuPont's liability is derivative of Mr. Sandel's liability.

### Recommendation

The United States respectfully recommends that the Court downwardly depart from the Guidelines sentence by one third. The parties agree that the Guidelines sentence is 12 months imprisonment. A one-third reduction would result in a term of 8 months imprisonment.[1] The United States believes a term of 8 months imprisonment is appropriate because of the importance of deterrence. This would send a strong message to managers of industrial facilities that they can face actual prison time for failing to exercise the degree of care for the safety of workers required by internal corporate procedures. It would also be an appropriate punishment for negligence that was a proximate cause of the death of four people.

Respectfully submitted,

Alamdar S. Hamdani
United States Attorney

By:   //John R. Lewis//
JOHN R. LEWIS
Assistant United States Attorney

---

[1] A term of 8 months imprisonment would place Mr. Sandel in the equivalent of Sentencing Table Zone B. A term of imprisonment in Zone B may be satisfied as described in Guidelines §5C1.1(c) by intermittent confinement, community confinement or home detention.